[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12878

_____

KENITE WEBB,

Plaintiff-Appellee,

*versus*

CITY OF VENICE, FLORIDA,

Defendant-Appellant,

CITY OF VENICE POLICE DEPARTMENT

Defendant.

_____

2                    Opinion of the Court                    22-12878

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-03045-TPB-TGW

_____

Before JORDAN, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Kenite Webb brought hostile work environment claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA") against the City of Venice ("the City"). After a 5-day jury trial, the jury returned a $50,000 verdict in favor of Webb. The City filed a motion for judgment as a matter of law or, in the alternative, for a new trial, which the district court denied. On appeal, the City challenges, *inter alia*, the sufficiency and weight of Webb's evidence, the district court's various evidentiary rulings, and the district court's resubmission of the case to the jury after an inconsistent verdict.

We review *de novo* the district court's denial of a motion for judgment as a matter of law. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010).[1] While we review all of the record

_____

[1] We review the district court's decision on the City's motion for a new trial for abuse of discretion. *Jenkins v. Anton*, 922 F.3d 1257, 1264 (11th Cir. 2019). We review the evidentiary rulings for abuse of discretion. *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1103 (11th Cir. 2005). We review the district court's response to the inconsistent verdict for abuse of discretion. *Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192, 1199 (11th Cir. 2004).

22-12878                    Opinion of the Court                    3

evidence, we must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence. *Id.* "We will not second-guess the jury or substitute our judgment for its judgment if its verdict is supported by sufficient evidence." *EEOC v. Exel, Inc.*, 884 F.3d 1326, 1329 (11th Cir. 2018) (quotation marks omitted).

Under Title VII, Webb was required to prove, *inter alia*, the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and create a discriminatorily abusive working environment. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). This requires satisfaction of both subjective and objective components. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc). Specifically, "[t]he employee must 'subjectively perceive' the harassment as sufficiently severe and pervasive[,] . . . and this subjective perception must be objectively reasonable." *Id.* This inquiry demands consideration of the totality of the circumstances. *Id.* We examine the conduct in its context, "not as isolated acts." *Id.* Discrimination claims under the FCRA are governed by the same standards as Title VII claims and do not require separate analysis. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010).

After careful review and with the benefit of oral argument, we find no reversible error in the trial or the district court's rulings, and thus affirm the jury's verdict and the denial of the City's motion for judgment as a matter of law and for a new trial.

**AFFIRMED.**